**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3172-16T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

CHRISTOPH C. JONES, a/k/a
CHRISTOPHER C. JONES,

    Defendant-Appellant.

_____

Submitted May 16, 2018 — Decided June 25, 2018

Before Judges Alvarez and Currier.

On appeal from Superior Court of New Jersey,
Law Division, Essex County, Indictment No. 15-
09-1952.

Joseph E. Krakora, Public Defender, attorney
for appellant (Michael T. Denny, Assistant
Deputy Public Defender, of counsel and on the
brief).

Robert D. Laurino, Acting Essex County
Prosecutor, attorney for respondent (Stephen
A. Pogany, Special Deputy Attorney General,
Acting Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Christoph Jones appeals from the March 14, 2016 order denying his motion to suppress evidence seized following an investigatory stop of his vehicle. After a review of the contentions in light of the record and applicable principles of law, we affirm.

We derive the facts from testimony presented at the suppression hearing. While on patrol, Newark police officer Gregory Brooks received a dispatch that an anonymous female caller was threatened by "a man who pulled a gun out on her" at a specific location the officer described as "plagued by a lot of gun violence and drugs." The caller also stated that the assailant was "in a black Acura TL, no plate."

Brooks and his partner arrived at the location with their lights and sirens activated and pulled behind a blue Acura Integra. The officers approached the vehicle, one officer on each side. Through the driver's side window, Brooks observed defendant attempting to put a firearm into a blue nylon bag. Despite only seeing the handle of the gun, Brooks recognized the object as a handgun due to his "[twenty] years of experience as a police officer."

Once Brooks recognized the object as a gun, he yelled "Gun," and directed the driver to get out of the vehicle. As this occurred, another officer arrived at the scene and parked in front

of the Acura. Defendant dropped the gun onto the floor of the driver's side and exited the car. Brooks described the weapon as an "automatic handgun with a brown handle."

Defendant was charged with second-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b). He later moved to suppress the handgun. Following a hearing, the trial judge concluded, given "the totality of th[e] circumstances, that the officer had reasonable suspicion to perform an investigatory stop, and approach the driver, and to interact further." The judge also found "the observations of the officer at the time from the side of the car where he was lawfully standing, because it is a public street, supports application of the plain view doctrine." The motion to suppress was denied.

Defendant pled guilty to the sole count of the indictment. He was sentenced to a forty-two month custodial term with a forty-two month period of parole ineligibility, N.J.S.A. 2C:43-6(c).

Defendant raises the following issues on appeal:

> POINT ONE: BECAUSE THE ANONYMOUS CALLER'S TIP WAS INSUFFICIENT TO PROVIDE THE REASONABLE SUSPICION NECESSARY FOR THE INVESTIGATORY DETENTION OF JONES, THE HANDGUN MUST BE SUP[P]RESSED.

> POINT TWO: THE PLAIN VIEW EXCEPTION TO THE WARRANT REQUIREMENT DOES NOT APPLY IN THIS CASE BECAUSE THE DISCOVERY OF THE EVIDENCE WAS NOT INADVERT[E]NT.

A trial court's factual findings in a suppression hearing are afforded great deference. State v. Gonzales, 227 N.J. 77, 101 (2016). In reviewing a motion to suppress, we defer to the findings of fact and credibility determinations of the trial judge, recognizing that he or she has had an "opportunity to hear and see the witnesses and to have the 'feel' of the case, which a reviewing court cannot enjoy." State v. Elders, 192 N.J. 224, 244 (2007) (citing State v. Johnson, 42 N.J. 146, 161 (1964)). We will uphold the trial judge's decision so long as it is "supported by sufficient credible evidence" and not "so clearly mistaken 'that the interests of justice demand intervention and correction.'" State v. Scriven, 226 N.J. 20, 32-33 (2016) (quoting Elders, 192 N.J. at 243-44).

Defendant contends the anonymous caller's "wildly inaccurate" tip did not provide sufficient reasonable and articulable suspicion to conduct an investigatory stop. Therefore, the trial judge erred in denying his suppression motion.

As the United States and New Jersey Constitutions' guarantee an individual's right to be free from "unreasonable searches and seizures," U.S. Const. amend. IV; N.J. Const. art. I, ¶ 7, a "warrantless search is presumed invalid unless it falls within one of the recognized exceptions to the warrant requirement." State v. Wilson, 178 N.J. 7, 12 (2003) (quoting State v. Cooke, 163 N.J.

657, 664 (2000)). "A lawful stop of an automobile must be based on reasonable and articulable suspicion that an offense . . . has been or is being committed." State v. Carty, 170 N.J. 632, 639-40 (citing Delaware v. Prouse, 440 U.S. 648, 663 (1979)).

In determining whether an investigatory stop of an automobile was reasonable, a court must consider the "specific reasonable inferences" that an officer is entitled to draw based on the facts available to him at the moment of the stop and in light of his experience. State v. Md., 167 N.J. 471, 487 (2001) (quoting State v. Arthur, 149 N.J. 1, 8 (1997)). "[I]narticulate hunches" and "subjective good faith" are insufficient to justify a warrantless search and seizure. Ibid. (quoting Arthur, 149 N.J. at 8). "Rather, the officer 'must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant [the] intrusion.'" Ibid. (alteration in original) (quoting Arthur, 149 N.J. at 8).

"[A]n anonymous tip of criminal activity, standing alone, is not sufficient to establish a reasonable [and] articulable" suspicion. State v. Privott, 203 N.J. 16, 26 (2010) (citing Fla. v. J.L., 529 U.S. 266, 271 (2000)). To satisfy the reasonable suspicion standard, the anonymous tip must be "reliable in its assertion of illegality" by providing predictive information about criminal activity. Id. at 27 (quoting J.L., 529 U.S. at 272).

Thus, "[t]he police must verify that the tip is reliable by some independent corroborative effort."  Id. at 26 (citing Ala. v. White, 496 U.S. 325, 329-30 (1990)).

A court must consider the totality of the circumstances in considering whether there was a reasonable and articulable suspicion that an individual was involved in criminal activity. Id. at 26-27.  An anonymous tip is but one factor under this analysis.  State v. Gamble, 218 N.J. 412, 433-34 (2014).

Despite inconsistencies in the details of the Acura, the trial judge found that Brooks's observations corroborated the tip. The judge found the officer's description of the events leading to defendant's arrest credible.  Mindful of our deferential standard, we are satisfied that the police had reasonable and articulable suspicion to conduct an investigatory stop of defendant.

Here, an anonymous caller advised she had been threatened with a gun. She provided a specific location and a color, make, and model of the assailant's car.  Although the description was not entirely accurate as to the exact color and model of the vehicle, Brooks observed a car, of the make and similar appearance described by the caller, parked in front of the specific location, known to police as a high-crime area.  As the Court stated in State v. Tucker, 136 N.J. 158, 168 (1994), "under circumstances

6

demonstrating particularized suspicion . . . such as a high crime location . . . police would have greater latitude to subject a citizen to an investigatory stop."

The trial judge also found the gun was lawfully seized under the plain view doctrine. To justify the seizure of contraband left in plain view, the State must demonstrate (1) the officer observed the contraband during a legal intrusion; (2) the discovery was inadvertent[1]; and (3) there was probable cause to associate the items with a crime. Tex v. Brown, 460 U.S. 730, 739-40 (1983).

Defendant contends the inadvertent prong was not met because Brooks "approach[ed] the car specifically to find evidence of weapon possession concerning the people in the car he had just detained." Although Brooks approached the vehicle because of the tip that the occupant might be armed with a handgun, Brooks saw it as soon as he approached the driver's side of the car. As the trial judge noted, "[Brooks] did not know exactly where within the car [the handgun] was, thereby satisfying inadvertence." See State v. Johnson, 171 N.J. 192, 212-13 (2002) (finding inadvertence is narrowly construed and requires the officer to have very specific information as to where the contraband is located). There

---

[1] In Gonzales, the Court eliminated the inadvertence element of the plain view analysis. 227 N.J. at 101. However, that decision applies prospectively and therefore is not applicable to this case. See ibid.

was no evidence that Brooks knew in advance where the handgun was located or that he intended to seize it without a warrant. See State v. Damplias, 282 N.J. Super. 471, 478-79 (App. Div. 1995).

Brooks, with his twenty years of experience as a police officer, immediately recognized the object that defendant was attempting to hide as a handgun and communicated that observation to his partner. The elements of the plain view doctrine are met. We are, therefore, satisfied the trial judge's denial of defendant's motion to suppress is supported by sufficient credible evidence in the record. See Scriven, 226 N.J. at 32-33.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION